UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>   v.<br><br>GARY SPEED and DAMIAN SEAVERS,<br><br>             Defendants. | No. 2:19-cv-01413 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

This case comes before the court on plaintiff's motion for default judgment against defendant Damien Seavers. ECF No. 21 and 22 (erroneously docketed twice). The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19), and was taken under submission. ECF No. 24. Both defendants in this matter filed statements of non-opposition. ECF Nos. 28 (Seavers Non-Opposition), 29 (Speed Non-Opposition).

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Fed. R. Civ. P. 55(b). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v.

1

Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The court's discretion is guided by consideration of multiple factors. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here the parties—including the defaulting defendant against whom judgment is sought—agree that default judgment is appropriate; the individual Eitel factors therefore need not be discussed.

The undersigned has reviewed the complaint and finds that its allegations are well pleaded. Because (1) defendant Seavers has not appeared in the action except to file a statement of non-opposition to the default judgment; (2) the clerk previously entered the defendant's default on September 16, 2019 (ECF No. 16); and (3) no party opposes this motion, the undersigned finds that default judgment is appropriate.

Judgment should be entered on the following terms:

> The Court hereby adjudges, declares, and decrees the following with respect to plaintiff's causes of action in the complaint against defendant Damian Seavers only:
>
> 1. Plaintiff has no obligation under Integon National Insurance Company policy no. HOS1354575 to indemnify Damian Seavers against the claims made by Gary Speed in Sacramento Superior Court action no. 34-2018-00227960 or otherwise arising from the September 30, 2016 incident alleged in the complaint; and
>
> 2. Plaintiff has no obligation under Integon National Insurance Company policy no. HOS1354575 to defend Damian Seavers against the claims made by Gary Speed in Sacramento Superior Court action no. 34-2018-00227960 or otherwise arising from the September 30, 2016 incident alleged in the complaint;

## CONCLUSION

It is hereby RECOMMENDED THAT plaintiff's January 22, 2020 motion for default judgment against defendant Damian Seavers only (ECF No. 22) be granted, with the terms of judgment set forth above. The duplicative motion filed at ECF No. 21 shall be TERMINATED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all

| | |
|---|---|
| 1 | parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file |
| 2 | objections within the specified time may waive the right to appeal the District Court's order. |
| 3 | Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 |
| 4 | (9th Cir. 1991). |
| 5 | DATED: March 26, 2020 |
| 6 | _____ |
| 7 | ALLISON CLAIRE<br>UNITED STATES MAGISTRATE JUDGE |